IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALFREDRICK ELLIS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 6507 |
| | ) |
| **THOMAS J. DART,** Cook County Sheriff, Superintendent, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Just under two weeks ago Alfredrick Ellis ("Ellis") joined the large group of inmates at the Cook County Department of Corrections ("County Jail") who have filed suit against Cook County Sheriff Thomas Dart to complain of the living conditions to which they are subjected during their time as pretrial detainees held in custody at the County Jail. Ellis' Complaint, filed on the printed form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" made available by the Clerk's Office for use by prisoner plaintiffs, has put a modest $500,000 price tag on his "pain, suffering & mental anguish," but meanwhile that apparent manifestation of greed has totally ignored Ellis' own financial responsibilities imposed by Congress under 28 U.S.C. § 1915 ("Section 1915").

Ellis has also accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). But the Application is totally inadequate to the task prescribed by Section 1915, and the Motion is even worse -- really not a motion at all. It seems that what is most likely an active grapevine within the County Jail has created an impression among the inmates that this District Court's decision to pool all such cases for consideration by this Court's valued colleague Judge

Virginia Kendall has resulted in a situation in which adding still another case to the group creates the prospect of sharing in an award of damages to the group with no downside risk.

But as famed economist Milton Friedman put it something over four decades ago:

> There is no such thing as a free lunch.

Hence this memorandum order is issued sua sponte to compel Ellis to do what the law has required of him from the outset: As Section 1915(a)(2) specifies, he must submit a printout of all transactions in his trust fund account at the County Jail "for the 6-month period immediately preceding the filing of the complaint." That requirement in turn makes it necessary to determine the date of "filing," which under the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988) is the date on which Ellis either mailed his papers to this District Court or delivered them to the County Jail authorities to do the mailing for him.

In this instance Ellis' documentation leaves much to be desired in that respect. Even though the Complaint, Application and Motion were not received in this District Court's Clerk's Office until July 24, 2015, Ellis signed the Complaint and the Application fully five weeks earlier -- on June 19.[1] And to complicate matters a bit more, the authorized fiscal officer at the County Jail dated the Certificate at the foot of the Application on July 2.

So Ellis has to clear up the uncertainty by identifying the Complaint's statutory "filing" date, coupled with an appropriate explanation to account for the substantial disparity in dates referred to earlier. That "filing" date will establish the end of the 6-month period referred to in Section 1915(a)(2). And even more importantly in substantive terms, Ellis' Application has totally ignored his statutory obligation to provide the required trust fund account printout. Hence

---

[1] Ellis never signed or dated the Motion at all.

Ellis' identification of the "filing" date must also be accompanied by a printout of all trust fund account transactions spanning the 6-month period preceding that date.² Lastly, Ellis must comply with both tasks referred to in this paragraph on or before August 24, 2015 (a more than ample time frame), else both the Complaint and this action will be dismissed for violation of a court order.

On receipt of Ellis' submissions, this Court will then proceed with the determination called for by Section 1915. It is particularly important to do so in Ellis' case, for the County Jail official's Certificate cited earlier (1) reports average monthly deposits of $209.56 to his account during the four-month period referred to there and (2) states that as of the July 2 date the balance in his account was $147.54. It thus seems entirely possible that Ellis will prove to be able to pay the entire $350 filing fee, although on an installment basis, in comparatively short order.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 7, 2015

---

² This Court notes that the authorized officer's Certificate referred to earlier refers only to a "four-month" period. If that shorter period represents the only time frame during which Ellis had been in custody anywhere before the "filing" date, that shorter-period report will do the job -- but if Ellis had been in custody at some other custodial facility and was then transferred to the County Jail, a printout of transactions at that institution to fill out the statutorily relevant 6-month period must be submitted as well.