# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ALFREDRICK ELLIS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 6507 |
| | ) |
| **THOMAS J. DART,** Cook County Sheriff, Superintendent, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Although the attached memorandum order ("Order II") dismissing the Complaint and this action are self-explanatory, it has been overtaken by events that preceded its entry but were unknown to this Court until a day after it was entered. On August 27 the Clerk's Office delivered to this Court's chambers a signed Motion for Appointment of Counsel ("Motion") and a printout of transactions in the trust fund account of pro se prisoner plaintiff Alfrederick Ellis ("Ellis") at the Cook County Department of Corrections ("County Jail"), but not the In Forma Pauperis Application ("Application") to which such printouts are normally appended. This followup memorandum order will deal with the effects of those two filings.

To begin with, both Order II and the August 7, 2015 memorandum order ("Order I") to which it referred had required that Ellis provide an identification of "the date on which Ellis either mailed his papers to this District Court or delivered them to the County Jail authorities to do the mailing for him." But in that respect Ellis' hand-printed letter that accompanied the Motion stated that the Motion was dated June 19, 2015 "to go along with the Complaint." That simply cannot be the real "filing" date under the "mailbox rule" (the shorthand term for the information requested of Ellis), for his original Application -- received in the Clerk's Office on

July 24 together with his Complaint -- contained a Certificate from the person in charge of such accounts at the County Jail dated <u>July</u> <u>2</u>, <u>2015</u>. It was of course physically impossible for Ellis' Complaint and related documents to have been mailed, or delivered to the County Jail authorities for mailing, in their fully completed form on June 19 when the completion did not take place until at least July 2.

Accordingly Ellis still has not carried out one of his obligations as spelled out in Order I and Order II. So although the trust fund account information will certainly suffice to the job for purposes of 28 U.S.C. § 1915 (because its opening entry was March 1 with a $0 balance in the account "on the new," the relevant time frame ending with the "filing" date was necessarily less than six months), what is still missing is the twice-requested "filing" date. Because the Order II dismissal was entered on August 26, Ellis has until September 23 to provide the missing information -- if he does that, this Court will treat that as a timely Fed. R. Civ. P. 59(e) motion to alter or amend the judgment of dismissal and will <u>grant</u> that motion by vacating the order of dismissal so that Ellis' lawsuit will be revived and can go forward.[1] If however Ellis persists in his noncompliance, the dismissal will stand.

                                                   */s/ Milton I. Shadur*
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: August 31, 2015

---

[1] Ellis is expressly advised that the Rule 59(e) deadline cannot legally be extended past September 28 because of the prohibition set out in Rule 6(b)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ALFREDRICK ELLIS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 6507 |
| | ) | |
| **THOMAS J. DART,** Cook County Sheriff, Superintendent, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On August 7, 2015 this Court issued a brief memorandum order ("Order") in this action brought pro se by County Jail prisoner Alfredrick Ellis ("Ellis") that expressly apprised Ellis of the respects in which he was delinquent in satisfying the requirements imposed by 28 U.S.C. § 1915 ("Section 1915"). As the Order specified, Ellis had to provide two things: an identification of "the date on which Ellis either mailed his papers to this District Court or delivered them to the County Jail authorities to do the mailing for him" and a printout reflecting all transactions in his trust fund account at the County Jail for the six-month period preceding that date.

Those two things were ordered to be provided on or before August 24, which the Order identified as "a more than ample time frame," failing which the Order specified that "both the Complaint and this action will be dismissed for violation of a court order." Now August 24 has come and gone without Ellis having complied with the Order's unambiguous directions. As forecast in the Order, this Court indeed dismisses both the Complaint and this action.

_____
Milton I. Shadur
Date: August 26, 2015        Senior United States District Judge

Order II